**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 03-6208**

─────────

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

        versus

CLEVELAND ROBINSON,

                                  Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Albert V. Bryan, Jr., Senior District Judge.  (CR-91-161, CA-01-1028)

─────────

Submitted:  April 17, 2003          Decided:  April 23, 2003

─────────

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

─────────

Dismissed by unpublished per curiam opinion.

─────────

Cleveland Robinson, Appellant Pro Se.  Paul Joseph McNulty, United States Attorney, Alexandria, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Cleveland Robinson seeks to appeal the district court's order dismissing his motion filed under 28 U.S.C. § 2255 (2000). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on July 10, 2001. Robinson's notice of appeal was filed on December 31, 2002.[*] Because Robinson failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED